**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIA DE JESUS RIVAS-BARRERA; et al., | No. 22-793 |
| Petitioners, | Agency Nos. A209-238-238 A209-238-239 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023**

Before:      TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Maria De Jesus Rivas-Barrera and her son, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their application for asylum and Rivas-Barrera's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not err in its determination that petitioners waived challenge to the IJ's determinations regarding past persecution, cognizability of their proposed particular social groups, and internal relocation. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Petitioners' contentions as to the merits of these issues are not properly before the court because they failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113-14 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule). Thus, we deny the petition for review as to petitioners' asylum claim and Rivas-Barrera's withholding of removal claim.

In light of this disposition, we need not reach petitioners' remaining contentions regarding nexus and whether their fear of future persecution was objectively reasonable. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir.

2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT protection because Rivas-Barrera failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**